

# Missouri Court of Appeals

### Southern District

In Division

| | |
|---|---|
| VIVIAN BADILLO, ) | |
| ) | |
| Appellant, ) | No. SD37398 |
| ) | |
| v. ) | **Filed: April 11, 2023** |
| ) | |
| THE HOME CITY ICE COMPANY, ) | |
| and MYLES MATHIS, ) | |
| ) | |
| Respondents. ) | |

APPEAL FROM THE CIRCUIT COURT OF WAYNE COUNTY

Honorable Judge Megan K. Seay

**<u>AFFIRMED</u>**

This case requires us to decide if the trial court abused its discretion in excluding evidence related to a company's hiring, training, supervision, business practices, policies, procedures, or compensation schedule in a negligence action where the only claims against the company were based on a theory of vicarious liability. Appellant, Vivian Badillo ("Badillo") appeals from the trial court's judgment awarding her compensatory damages but denying punitive damages against Respondents Myles Mathis ("Mathis") and The Home City Ice Company ("Home City Ice"). On appeal, Badillo argues the trial court abused its discretion in excluding evidence of Home City Ice's "conduct beyond the actions of [Mathis]" because "the general rule barring direct negligence claims and evidence against an employer who has already

admitted vicarious liability is subject to an exception for punitive damages."[1]  Finding no such abuse of discretion, we affirm.

## Facts and Procedural Background

Badillo was a passenger injured in a vehicle which was struck by a truck driven by Mathis while in the course and scope of his employment with Home City Ice.  Mathis attempted to make a left-hand turn onto the southbound lanes of US-67, after bringing his vehicle to a "rolling stop" at the stop sign and collided with Badillo's vehicle resulting in injury to Badillo.  Badillo sued Mathis for negligence in Count 1 and negligence *per se* in Count 3 and sought punitive damages against Mathis in Count 3.

Badillo sued Home City Ice for negligence based on a *respondeat superior* theory in Count 2 and negligence *per se* in Count 3.[2]  Badillo sought punitive damages against Home City Ice in Count 3 based only on a theory of vicarious liability.[3]

Before trial, Home City Ice and Mathis filed a motion *in limine*, which was granted by the trial court.  The trial court ruled evidence related to Home City Ice's hiring, training, supervision, business practices, policies, procedures, or compensation schedule "is not relevant in the first phase of the jury trial and the prejudicial value would outweigh the probative value."

The case proceeded to jury trial.  At trial, Badillo made an offer of proof to admit certain portions of deposition testimony by Mathis and a corporate representative of Home City Ice related to Home City Ice's pay structure, policies, procedures, and employment practices.  The trial court reaffirmed its ruling on the motion *in limine* and excluded the evidence.

---

[1] Badillo's point relied on is written in all capital letters.  When quoting such, this Opinion reverts to conventional capitalization for ease of readability.

[2] "[A]n employer is liable under the theory of *respondeat superior* for damages attributable to the misconduct of an employee *or* agent acting within the course and scope of the employment *or* agency." **Bare v. Carroll Elec. Coop. Corp.**, 558 S.W.3d 35, 47 (Mo. App. S.D. 2018) (quoting **McHaffie By and Through McHaffie v. Bunch**, 891 S.W.2d 822, 825 (Mo. banc 1995)).

[3] Badillo asserted a claim of negligent training against Home City Ice but she voluntarily dismissed it prior to trial.

2

The trial court allowed Badillo to submit the issue of punitive damages to the jury. The jury returned a verdict in favor of Badillo for compensatory damages but denied her claim for punitive damages. Badillo filed a motion for new trial, alleging it was error to exclude evidence related to Home City Ice's compensation structure and policies because this evidence was relevant to her claim of punitive damages. The motion was denied because Badillo "did not show by clear and convincing evidence that punitive damages should have been allowed in the first phase of trial[.]" Badillo appeals from the judgment. In a single point, Badillo argues the trial court abused its discretion in excluding evidence of Home City Ice's policies and practices because "the general rule barring direct negligence claims and evidence against an employer who has already admitted vicarious liability is subject to an exception for punitive damages." Finding no merit in Badillo's point, we affirm.[4]

## Standard of Review

"A trial court 'enjoys considerable discretion in the admission or exclusion of evidence, and, absent clear abuse of discretion, its action will not be grounds for reversal.'" *Hale v. Burlington N. & Santa Fe Ry. Co.*, 638 S.W.3d 49, 63 (Mo. App. S.D. 2021) (quoting *Lozano v. BNSF Ry. Co.*, 421 S.W.3d 448, 451 (Mo. banc 2014)). A trial court's decision to admit or exclude evidence is an abuse of discretion when it is clearly against the logic of the circumstances then before the court and is so unreasonable and arbitrary that it shocks the sense of justice and indicates a lack of careful, deliberate consideration. *Kappel v. Prater*, 599 S.W.3d 189, 192 (Mo. banc 2020). Even if a trial court abuses its discretion in admitting certain evidence, we will not reverse a judgment unless we believe the circuit court error materially affected the merits of the action. *Id.*

---

[4] Home City Ice and Mathis moved to strike parts of Badillo's reply brief for raising an argument that was not presented in her opening brief and that motion was taken with the case. "A reply brief is solely to be used to 'reply' to a respondent's arguments and not to raise new points on appeal." *66, Inc. v. Crestwood Commons Redev. Corp.*, 130 S.W.3d 573, 584 (Mo. App. E.D. 2003). Because Badillo's reply brief raised the argument that the excluded evidence was relevant to Mathis' state of mind, an argument not raised in her opening brief, we grant Home City Ice and Mathis' motion.

## Analysis

Badillo claims the trial court abused its discretion in excluding evidence related to Home City Ice's employment practices and conduct because such evidence was admissible under "an exception for punitive damages."  Badillo has failed to demonstrate the exclusion of the evidence was an abuse of discretion, because the evidence she sought to admit was not relevant to her claim of punitive damages since her claim for punitive damages was not based on any *direct theory* of liability against Home City Ice (i.e., Home City Ice's negligent hiring, training, supervision, etc.).

> To be admissible, evidence must be both logically relevant and legally relevant. Evidence is logically relevant if it makes the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.  Legal relevance . . . refers to the balance between the probative value and the prejudicial effect of the evidence.  That balancing requires the trial court to weigh the probative value, or usefulness, of the evidence against its costs, specifically the dangers of unfair prejudice, confusion of the issues, undue delay, misleading the jury, waste of time, or needless presentation of cumulative evidence.  If the prejudicial effect of the evidence outweighs its probative value, then the evidence is not relevant and should be excluded.

***Dalbey v. Heartland Reg'l Med. Ctr.***, 621 S.W.3d 36, 46 (Mo. App. W.D. 2021) (quoting ***Brummett v. Burberry Ltd.***, 597 S.W.3d 295, 303-04 (Mo. App. W.D. 2019)).

While evidence of an employer's conduct (such as its hiring practices, supervision, policies, etc.) could be relevant and material to a claim for punitive damages based on a *direct* theory of liability (such as negligent hiring or negligent supervision), it is not relevant or material to a claim that rests solely on vicarious liability.[5]  *See **McHaffie***, 891 S.W.2d at 826; see also ***Wilson***, 400 S.W.3d at 386.  Badillo made no allegation she was entitled to punitive

---

[5] "The rationale for the Court's holding in *McHaffie* was that, where vicarious liability was admitted and none of the direct liability theories could prevail in the absence of proof of the employee's negligence, the employer's liability was necessarily fixed by the negligence of the employee.  Thus, any additional evidence supporting direct liability claims could serve only to waste time and possibly prejudice the defendants." ***Wilson v. Image Flooring, LLC***, 400 S.W.3d 386, 393 (Mo. App. W.D. 2013) (internal citations deleted).

4

damages based directly on Home City Ice's conduct (i.e., its negligent hiring, training, supervision, etc.) and does not demonstrate how evidence of Home City's pay structure, policies, procedures, and employment practices are relevant to her claim. Badillo alleged:

> 34. Therefore, [Home City Ice] is vicariously liable for [Mathis'] violation of § 304.012.1. which resulted in the aforementioned injuries to [Badillo].
>
> 35. [Mathis] knew or should have known that his conduct of pulling out onto a highway without stopping at a stop sign and yielding the right-of-way as described herein created a high degree of probability that an oncoming motorist would be struck at highway speed and be seriously injured or killed.
>
> 36. The manner in which [Mathis], in the course and scope of his employment with [Home City Ice], operated the motor vehicle on the public roadways was a willful, wanton, reckless, and indifferent and consciously disregarded the safety of the motoring public, so as to entitle [Badillo] to punitive damages.

Badillo proceeded only on a vicarious liability theory—that Home City Ice was vicariously liable because it was the employer of Mathis, who negligently ran a stop sign and caused an accident. Badillo did not proceed on any direct theory of liability. Because Badillo proceeded only on a vicarious liability theory, evidence related to Home City Ice's hiring, training, supervision, business practices, policies, procedures, and compensation schedule "could serve only to waste time and possibly prejudice [Home City Ice]."[6] *Wilson*, 400 S.W.3d at 393. Such evidence was not relevant to Badillo's punitive damages claim. Badillo cannot demonstrate that the trial court abused its discretion in excluding the evidence. Badillo's point is denied.

---

[6] Badillo directs us to *Wilson*, 400 S.W.3d at 392 to support her argument. While we agree with Badillo that *Wilson* is instructive, *Wilson* does not aid Badillo's position. The plaintiff in *Wilson* sought punitive damages against the employer based on the employer's negligent hiring, training, and supervision of the driver—theories of direct liability. *Id.* at 389. These are theories of liability that would require the plaintiff to present additional evidence, above and beyond demonstrating the employee's negligence, to show how the company's hiring, training, and supervision was in fact negligent and warranted the imposition of punitive damages. *Id.* at 393.

**Conclusion**

The trial court's judgment is affirmed.


MARY W. SHEFFIELD, J. – OPINION AUTHOR

BECKY J. W. BORTHWICK, J. – CONCURS

GINGER K. GOOCH, J. – CONCURS